531 S.W.2d 196 (1975)
In re D. L. E., Appellant,
v.
The STATE of Texas, Appellee.
No. 4806.
Court of Civil Appeals of Texas, Eastland.
November 28, 1975.
Don N. Seamster, Wagstaff, Harrell, Pope, Alvis, Dickenson & Erwin, Abilene, for appellant.
*197 John Weeks, Dist. Atty., Abilene, for appellee.
McCLOUD, Chief Justice.
This is an appeal from an order of the juvenile court declaring that appellant engaged in delinquent conduct and committing appellant to the custody of the Texas Youth Council.
Appellant argues the order should be reversed because the juvenile court judge failed to comply with V.T.C.A., Family Code § 54.03(b)(1) and (2) which provides:
"54.03. Adjudication Hearing
(a) A child may be found to have engaged in delinquent conduct or conduct indicating a need for supervision only after an adjudication hearing conducted in accordance with the provisions of this section.
(b) At the beginning of the adjudication hearing, the juvenile court judge shall explain to the child and his parent, guardian, or guardian ad litem:
(1) the allegations made against the child;
(2) the nature and possible consequences of the proceedings; ..."
Appellant states in his brief that the juvenile court judge did not, at the beginning of the adjudication hearing, explain to appellant and his parents, the allegations made against appellant and the possible consequences of the proceeding. The State filed no brief on the merits and presented no oral argument. Appellant's unchallenged statement as to the record is accepted by this court as correct. Rule 419, T.R. C.P., Franks v. State, 498 S.W.2d 516 (Tex. Civ.App.Texarkana 1973, no writ).
We hold that the procedural requirements of 54.03(b)(1) and (2) are mandatory and must be complied with before a child may be found to have engaged in delinquent conduct. See In Re K. W. S., 521 S.W.2d 890 (Tex.Civ.App.Beaumont 1975, no writ); R. K. M. v. State, 520 S.W.2d 878 (Tex.Civ.App.San Antonio 1975, no writ).
The judgment of the juvenile court is reversed and the cause is remanded.