**In the Matter of N. S. D., Appellant.**

**No. 6613.**

Court of Civil Appeals of Texas,
El Paso.

Sept. 7, 1977.

Jerry Severson, El Paso, for appellant.

George N. Rodriguez, Jr., County Atty., James H. Luckett, Asst. County Atty., El Paso, for appellee.

## OPINION

WARD, Justice.

This appeal is from the adjudication order of the Juvenile Court declaring that Appellant engaged in delinquent conduct and from the subsequent order committing Appellant to the custody of the Texas Youth Council. We reverse and remand both orders.

The adjudication hearing was on January 7, 1977, and the disposition hearing

on January 24th. Appellant attacks the adjudication order of January 7th on three grounds, one of which will dispose of the issue. Appellant complains of the order of adjudication as the trial Court failed to explain the Appellant's privilege against self-incrimination as required by Section 54.03(b)(3), Tex.Family Code Ann. The Court made certain of the judicial explanations as called for by the Section, but we are unable to find any reference by the Court to the privilege against self-incrimination in the statement of facts. The evidence produced was deficient as to certain elements of the offense charged and it was only by an admission made in Court that the adjudication of delinquent conduct became authorized. The explanation therefore became both mandatory and material. The State urges that a written waiver executed by the child and his attorney, which among other things waived the right against self-incrimination, cured the defect. We find such an instrument in the transcript which purports to be so prepared, but we fail to find any proof of the instrument in the statement of facts or any stipulation regarding the execution of the same in the record. The State also argues that the waiver was signed after an instrument designated as "INSTRUCTIONS, EXPLANATION OF RIGHTS AND PROCEDURE OF ADJUDICATION HEARING" had been furnished and had been signed by the juvenile, his father, and his attorney, which among other things stated that:

"* * * The juvenile also has the privilege against self-incrimination, that is, he has the right not to testify."

Again, we find such an instrument in the transcript which purports to be executed as indicated, but without proof thereof in the statement of facts or proper stipulation regarding the same in the record.

Even if we are to assume that the execution of the instruments was made, their value disappears when the instrument of instructions and explanations is examined. It purports to be a direction from the Court informing the juvenile, his parents, guardian ad litem, and attorney of:

"* * * all the rights that said child has under Title Three, of the Family Code of this State and such rights as are guaranteed under the constitutions of this State and of the United States and to fully inform such persons of the nature of juvenile proceedings, has formulated the following Instructions and Explanation of rights which the Court requires the above persons to read. * * *"

There then appears this sentence:

"* * * In the event that any portion of these Instructions and Explanations are not fully understood, do not hesitate to call on the bailiff or the secretary of this Court for further instructions."

If this document was furnished by the Court, as contended by the State, then the entire adjudication hearing was of no value as the record would then show that the juvenile was directed to the worthy bailiff or secretary to answer the juvenile's questions concerning his rights and possible disposition.

A child may not be declared to have engaged in delinquent conduct without compliance with Section 54.03(b) of the Family Code which, at the beginning of the adjudication hearing, charges that the Juvenile Court Judge shall explain to the child, his parents, guardian or guardian ad litem those items listed including the child's privilege against self-incrimination. *A.E.M. v. State,* 552 S.W.2d 952 (Tex.Civ. App.—San Antonio 1977, no writ); *In re D.L.E. v. State,* 531 S.W.2d 196 (Tex.Civ. App.—Eastland 1975, no writ). In the *A.E.M.* case, supra, where it appeared that the trial Court had merely been informed that the contents of the petition and the child's rights had been explained to him by his attorney, it was held that there was a complete failure to comply with the mandatory requirements of Section 54.03(b). Here, if the trial Court had directed the juvenile to inquire of the Court bailiff and the secretary as to the answers to any questions concerning his rights, the error would be obvious. We conclude that there was a failure of the Court to explain to the child

his privilege against self-incrimination and the reversal of the adjudication hearing becomes necessary.

■ In passing, we note that the waiver instrument referred to contains, among other things, a waiver of the right to trial. If such an instrument is being used in the juvenile proceedings, it is suggested that it be changed, as a waiver of the entire adjudication hearing would be something quite beyond the possibility of the waiver provisions. Section 51.09, Tex.Family Code Ann.

As to the disposition hearing, the Appellant argues that the judgment of commitment was erroneous as there was no evidence to support the judgment. Section 54.04(f), Tex.Family Code Ann., provides that in the order of disposition the Court shall state specifically its reasons for the disposition made of the child, and further requires that a copy of the order be furnished to the child. This is to assure that the child and his family are in a position to challenge the reasons on appeal. In turn, this furnishes the basis for the Appellate Court to determine if the reasons recited are supported by the evidence and whether or not they are sufficient to justify the order of disposition. *In re T—R—W—*, 533 S.W.2d 139 (Tex.Civ.App.—Dallas 1976, no writ); *In re A—N—M—*, 542 S.W.2d 916 (Tex.Civ.App.—Dallas 1976, no writ).

The reasons given in the present order of disposition are:

"(a) The juvenile is in need of rehabilitation and his rehabilitation can be accomplished through commitment.

"(b) There are no services, which have not been used in the past, within the community to effectuate the juvenile's rehabilitation.

"(c) The general public of the community needs to be protected."

■ Under the no evidence point presented, we are required to look only to the evidence favorable to the Court's holding in determining this legal sufficiency point. *In re E. F.*, 535 S.W.2d 213 (Tex.Civ. App.—Corpus Christi 1976, no writ). But as pointed out above, we do this to test the specific reasons which are required by the Statute to be given. We are then immediately confronted by the apparent defect in the reasons given under paragraphs (a) and (c). These findings that the juvenile is in need of rehabilitation and that the general public of the community needs to be protected are merely general recitations previously condemned in *In re T—R—W—*, supra; in *In re A—N—M—*, supra; and as discussed in *In re J.R.C.*, 522 S.W.2d 579 (Tex.Civ.App.—Texarkana 1975, writ ref'd n.r.e.). The reasons given under paragraphs (a) and (c) of the order of disposition afford us no basis to sustain the Court's disposition order.

■ When we examine the remaining reason, which is to the effect that there were no services which have not been used in the past within the community to effectuate the juvenile's rehabilitation, then we run into a conflict with the evidence produced. It was the testimony of the Juvenile Probation Officer of El Paso County that in his opinion local resources were available which had not been used with the child in the past to effectuate his rehabilitation and that, using those available resources which had previously not been used, the child should have been placed on probation for a period of twelve months. It was his opinion that the child could have been rehabilitated using those previously unused local resources. The trial Court disagreed with the recommendation of the Juvenile Probation Officer. Under the testimony and under the evaluation made of the child, the Court may have been justified in so disagreeing with that conclusion. However, when the only testimony in the record is to the effect that local services were available which had not been used in the past and that the child could have been rehabilitated locally, there then became no basis for the reason given in the order; there was no evidence to support the reason given, and the point is sustained.

■ The trial Court is granted broad powers and discretion in determining suitable disposition of children who are adjudicated to have engaged in delinquent con-

duct, but the Legislature determined that the Court reveal its true reasons for making its discretionary decision in its disposition order. Adequate reasons under the evidence in this case might well have been used by the Court in its disposition order, but we are limited to testing only those presented. The following admonition is well worth repeating. The Legislature contemplated that the reasons given be something more than a mere adherence to printed forms. "Texas Family Code Symposium," 5 Tex.Tech.L.Rev. 267 at 564 (1974).

The order adjudicating the Appellant a delinquent and the order committing him to the Texas Youth Council are reversed, and this cause is remanded to the trial Court for new adjudication and disposition hearings.