598 S.W.2d 726 (1980)
D. J. M., Appellant,
v.
The STATE of Texas, Appellee.
No. 6212.
Court of Civil Appeals of Texas, Waco.
April 24, 1980.
*727 J. L. Phinney, II, Burleson, for appellant.
Wayne Bridewell, Asst. Dist. Atty., and Dale Hanna, County Atty., Cleburne, for appellee.

OPINION
McDONALD, Chief Justice.
This is an appeal from an order of the Juvenile Court which declared that appellant engaged in delinquent conduct and committed appellant to the custody of the Texas Youth Council.
Appellant asserts the order should be reversed because the juvenile court judge failed to comply with Section 54.03(b)(1) and (2) which provides:
"54.03. Adjudication Hearing
(a) A child may be found to have engaged in delinquent conduct or conduct indicating a need for supervision only after an adjudication hearing conducted in accordance with the provisions of this section.
(b) At the beginning of the adjudication hearing, the juvenile court judge shall explain to the child and his parent, guardian, or guardian and litem:
(1) the allegations made against the child;
(2) the nature and possible consequences of the proceedings."
Appellant states in his brief that the juvenile court judge did not, at the beginning of the adjudication hearing, explain to appellant or his parent, the allegations made against appellant and the possible consequences of the proceeding. The State has filed no brief on the merits and presented no oral argument; and the Statement of Facts verifies the correctness of the statement in appellant's brief.
Appellant's unchallenged statement as to the record is accepted by this court as correct. Rule 419 TRCP; In the Matter of Franks v. State of Texas, CCA (Texarkana) NWH, 498 S.W.2d 516.
The procedural requirements of 54.03(b)(1) and (2) are mandatory and must be complied with before a child may be found to have engaged in delinquent conduct. In re D. L. E. v. State of Texas, CCA (Eastland) NWH, 531 S.W.2d 196; In re K. W. S., CCA (Beaumont) NWH, 521 S.W.2d 890; A. E. M. v. State of Texas, CCA (San Antonio) NWH, 552 S.W.2d 952; In the Matter of N. S. D., CCA (El Paso) NWH, 555 S.W.2d 807.
The judgment of the juvenile court is reversed and the cause is remanded.