In The Matter of T.F., Appellant.

No. 01–91–01469–CV.

Court of Appeals of Texas,
Houston (1st Dist.).

May 12, 1994.

Kyle Hawthorne, Bryan, for appellant.

Bill Turner, James W. Locke, Brazos County, for State.

Before HUTSON–DUNN, HEDGES and ANDELL, JJ.

## OPINION

HEDGES, Justice.

A jury found that appellant, T.F., a juvenile, had engaged in delinquent conduct, and the trial court placed him on probation. We reverse and remand.

In his first point of error, appellant contends that the trial court erred in failing to give him the admonitions prescribed in TEX. FAM.CODE ANN. § 54.03(b) (Vernon Supp. 1994). Section 54.03(b) provides that

[a]t the beginning of the adjudication hearing, the juvenile court judge shall explain to the child and his parent, guardian, or the guardian ad litem:

(1) the allegations made against the child;

(2) the nature and possible consequences of the proceedings, including the law relating to the admissibility of the record of a juvenile court adjudication in a criminal proceeding;

(3) the child's privilege against self-incrimination;

(4) the child's right to trial and to a confrontation of witnesses;

(5) the child's right to representation by an attorney if he is not already represented; and

(6) the child's right to trial by jury.

In its brief to this Court, the State candidly admits that these warnings were not given to the child, the parents, the guardian, or the guardian ad litem.

There is substantial authority that the procedural requirements of at least subsections (1) and (2) of section 54.03(b) are mandatory and must be complied with before a child may be found to have engaged in delinquent conduct. *D.J.M. v. State*, 598 S.W.2d 726,

727 (Tex.Civ.App.—Waco 1980, no writ); *D.L.E. v. State*, 531 S.W.2d 196, 197 (Tex.Civ. App.—Eastland 1975, no writ); *see also G.K.G. v. State*, 730 S.W.2d 182, 183 (Tex. App.—San Antonio 1987, no writ) (court expressly and flatly stated "[t]he provisions of section 54.03(b) are mandatory"); *I.G. v. State*, 727 S.W.2d 96, 99 (Tex.App.—San Antonio 1987, no writ) (giving of the instructions required by section 54.03(b) is "unquestionably made a condition precedent" to the finding of delinquency); *J.D.P. v. State*, 691 S.W.2d 106, 107 (Tex.App.—San Antonio 1985, no writ) (§ 54.03(b) duty is mandatory); *In re Cooper*, 623 S.W.2d 507, 508 (Tex. App.—Fort Worth 1981, no writ) (requirements of section 54.03(b)(1), (2), and (3) are mandatory and must be complied with before a child may be found to have engaged in delinquent conduct); *W.J.M.A. v. State*, 602 S.W.2d 397, 400 (Tex.Civ.App.—Beaumont 1980, no writ) (in speaking of the explanation by the judge, section 54.03(b) uses the "mandatory word 'shall'"); *In re N.S.D.*, 555 S.W.2d 807, 808 (Tex.Civ.App.—El Paso 1977, no writ) ("a child may not be declared to have engaged in delinquent conduct without compliance with Section 54.03(b)"); *A.E.M. v. State*, 552 S.W.2d 952, 955 (Tex. App.—San Antonio 1977, no writ) (same); *contra, see In re R.L.H.*, 771 S.W.2d 697, 702 (Tex.App.—Austin 1989, writ denied) (failure to admonish under § 54.03(b) held not to be fundamental error, and thus error was held waived because it was raised on motion for rehearing and not in appellant's initial brief) (expressly declining to follow *I.G.*).

The State acknowledges this authority but urges this Court to adopt a harm analysis rule requiring an assessment of harm suffered by each defendant in each individual case. The State then analyzes the facts of this case and argues that the failure to give the proper admonitions was harmless error. While the State's good-faith argument for a modification of existing law is entirely proper, it is ultimately unpersuasive.

■■ We recognize that not all "mandatory" statutes are immune from a harm analysis. *Arriaga v. State*, 804 S.W.2d 271, 274 (Tex.App.—San Antonio 1991, pet. ref'd). But a harm analysis should not be applied to the violations of mandatory statutes when an appellate record "will not reveal any concrete data from which an appellate court can meaningfully gauge or quantify the effect of the error." *Sopido v. State*, 815 S.W.2d 551, 554 (Tex.Crim.App.1990). If it is extremely difficult to determine whether violation of a mandatory statute affected the outcome, then a harm analysis is not appropriate.

■■ We hold that a harm analysis should not be applied to violations of Tex. Fam.Code Ann. § 54.03(b). The admonitions set forth in that statute are designed to apprise a juvenile of his most basic, fundamental rights. The omission of these admonitions strips the criminal trial of its function as a vehicle for determination of guilt or innocence. *See Rose v. Clark*, 478 U.S. 570, 106 S.Ct. 3101, 92 L.Ed.2d 460 (1986). A violation of this statute requires reversal without further inquiry.

We sustain point of error one.

Because our holding on point of error one is dispositive, we need not address point of error two.

We reverse the judgment of the trial court and remand the case for further proceedings not inconsistent with this opinion.