### In the Matter of C.O.S.

No. 01–95–01206–CV.

Court of Appeals of Texas, Houston (1st Dist.).

Aug. 7, 1997.

Rehearing Overruled Jan. 21, 1998.

**362**

William B. Connolly, Houston, for Appellant.

John B. Holmes, Carol M. Cameron, Houston, for Appellee.

Before WILSON, ANDELL and HUTSON–DUNN, * JJ.

## EN BANC OPINION

WILSON, Justice.

Appellant, C.O.S., was charged with engaging in delinquent conduct by committing aggravated sexual assault of two female juveniles. At the time of the conduct, appellant was 14 years old and the victims were ages eight and six. Appellant pled not guilty and elected to have a bench trial. The trial judge heard evidence, found appellant had engaged in the charged delinquent conduct, and ordered appellant committed to the Texas Youth Commission for 10 years. C.O.S. now appeals urging three points of error, primarily complaining the trial judge did not give him every admonishment required by TEX. FAM.CODE ANN. § 54.03(b) (Vernon 1996). We affirm.

In his second point of error, appellant argues the trial court erred in conducting the adjudication hearing without first administering the proper admonishments consistent with the Family Code. The requirements are:

(a) A child may be found to have engaged in delinquent conduct or conduct indicating a need for supervision only after an adjudication hearing conducted in accordance with the provisions of this section.

(b) At the beginning of the adjudication hearing, the juvenile court judge shall explain to the child and his parent, guardian, or guardian ad litem:

(1) the allegations made against the child;

(2) the nature and possible consequences of the proceedings, including the law relating to the admissibility of the record of a juvenile court adjudication in a criminal proceeding;

(3) the child's privilege against self-incrimination;

(4) the child's right to trial and to confrontation of witnesses;

(5) the child's right to representation by an attorney if he is not already represented; and

(6) the child's right to trial by jury.

TEX.FAM.CODE ANN. § 54.03(a)–(b) (Vernon 1996).

In this case, the record indicates that appellant was advised as to the following: (1) the allegations made against him; (2) the nature and possible consequences of the proceedings; (3) his right against self-incrimination; and (4) his right to a jury trial. Appellant complains that he was not instructed as to: (1) the law relating to the admissibility of the record of a juvenile court adjudication in a criminal proceeding; and (2) his right to confront witnesses at trial.[1] Therefore, appellant argues the trial court proceeded to trial after an insufficient admonishment to him under the relevant Family Code provisions. Pointedly, appellant does not argue he suffered harm from the trial judge's failure to completely admonish him, but instead urges the omissions by the judge constituted reversible error without regard to harm.

By pleading not guilty and receiving a bench trial, appellant asserted all of his constitutionally guaranteed rights, and waived none of them other than trial by jury. Specifically, the record indicates that at trial, appellant was not only given the opportunity, but he did indeed "confront witnesses." Appellant was represented by counsel, and through his attorney affirmatively exercised his right to confront witnesses during the bench trial; thus, the trial court's failure to

---

* The Honorable D. Camille Hutson–Dunn, retired Justice, Court of Appeals, First District of Texas at Houston, sitting by assignment.

1. The admonishment relating to the child's right to representation by an attorney was not required in this case because the child was already represented by counsel at the adjudication hearing. See TEX.FAM.CODE ANN. § 54.03(b)(5) (Vernon 1996).

admonish him pursuant to TEX.FAM.CODE ANN. § 54.03(b)(4) (Vernon 1996) was harmless.

Also, appellant was not harmed by the judge's failure to admonish him under section 54.03(b)(2) of the "law relating to admissibility of the record of a juvenile court adjudication in a criminal proceeding." TEX.FAM. CODE ANN. § 54.03(b)(2) (Vernon 1996). We observe appellant did not waive, nor give up any rights based on a belief that a finding of juvenile delinquency could not be used against him later. Rather, appellant contested the charges and strived not to be found guilty of delinquent conduct. If appellant had been told that a finding of delinquency could be used against him in a subsequent criminal proceeding, the only possible way to avoid the consequences of an adverse finding was to plead not guilty and contest the juvenile case. This is exactly what he did. Thus, appellant suffered no harm.

Appellant cites two cases holding that the admonitions are mandatory and failure to give them requires reversal. *In re L.T.,* 848 S.W.2d 769, 772 (Tex.App.—Corpus Christi 1993, no writ); *In re D.L.E. v. State,* 531 S.W.2d 196, 197 (Tex.App.—Eastland 1975, no writ). These cases are distinguishable. In *In re L.T.* the appellant pled true to the charges of delinquent conduct and stipulated to all evidence. 848 S.W.2d at 769–70. This is the exact situation for which the admonishments were designed. A juvenile could certainly be harmed if he pled guilty or true to the charges without knowing the consequences of such a plea. However, appellant did not plead guilty, but went to trial.

In *In re D.L.E.,* the trial court did not admonish the appellant as to (1) the allegations made against him, or (2) the nature and possible consequences of the proceedings. 531 S.W.2d at 197. The court of appeals reversed and remanded the case. *Id.* Even if a juvenile pled not guilty and exercised his right to a trial on the merits, he could still be harmed by the judge's failure to give these admonishments. However, the admonishments not given in *In re D.L.E.* differ substantially from those appellant did not receive: (1) the law relating to the admissibility of the record, and (2) his right to trial and to confront witnesses.

In a supplemental brief, appellant also points us to an opinion issued by this Court holding that the failure to properly admonish a juvenile requires reversal. *See In re T.F.,* 877 S.W.2d 81, 82 (Tex.App.—Houston [1st Dist.] 1994, no writ). In *In re T.F.,* the trial court failed to give the juvenile, who pled not guilty, any of the warnings required by section 54.03(b). *Id.* at 81. We reversed the lower court's judgment in *In re T.F.* because even though the juvenile pled not guilty and went to trial, it was necessary that he be warned of (1) the allegations made against him and (2) the nature and possible consequences of the proceedings. *Id.* at 82; *see also* TEX.FAM.CODE ANN. § 54.03(b)(1), (2) (Vernon 1996). We determined the juvenile could be harmed without these warnings, even when proceeding to trial rather than pleading guilty. Because the trial court did not give any admonishments in *In re T.F.,* it is inapplicable factually to the instant case. Here, appellant received all but two of the admonishments, and as already discussed, we hold appellant suffered no harm by the trial court's failure to give them.

We note the statement in *In re T.F.* "that a harm analysis should not be applied to violations of TEX.FAM.CODE ANN. § 54.03(b)." *In re T.F.,* 877 S.W.2d at 82. The court in *In re T.F.* was correct in refusing to adopt a harm analysis where there was a total failure to admonish, but incorrect in its statement in dicta that no harm analysis is ever appropriate for any partially incomplete admonishment, no matter how trivial, no matter what the facts, and even though appellant plainly availed himself of the rights about which the judge forgot to admonish him. For this reason, we distinguish *In re T.F.,* and reject its assertion that a harmless error analysis should never be applied. Applied to the facts of this case, we hold that it was harmless error for the trial court to refrain from warning appellant regarding (1) the law relating to the admissibility of the record of a juvenile court adjudication in a criminal proceeding, and (2) his right to trial and confrontation of witnesses when appellant pled not guilty to

the charges and exercised his right to a trial. *See* TEX.R.APP.P. 81(b)(1).

We overrule appellant's second point of error.

■ In his third point of error, appellant argues the Penal Code provision that mandated his prosecution for aggravated sexual assault, rather than sexual assault, is unconstitutional as it is applied to appellant. Appellant was charged with aggravated sexual assault because his two victims were both under the age of 14. TEX.PENAL CODE ANN. § 22.021(a)(2)(B) (Vernon Supp.1997). Because appellant was charged with aggravated sexual assault, he was subject to determinate sentencing under TEX.FAM.CODE ANN. § 53.045(a)(4) (Vernon 1996).[2]

Previous courts have held that classification of the crime for which appellant was prosecuted does not unfairly deprive a defendant of due process and equal protection of the law. A classification based on age in statutes governing offenses involving deviant sexual acts with children under age 14 "furthers the State's legitimate, reasonable interest and concern in protecting minor children of tender age." *Gass v. State*, 785 S.W.2d 834, 839–40 (Tex.App.—Beaumont 1990, no pet.).

We overrule appellant's third point of error.

■ In point of error one, appellant argues that the trial court erred in conducting an adjudication hearing without first securing a waiver of a right to a jury trial in compliance with TEX.FAM.CODE ANN. § 51.09 (Vernon 1996). Appellant complains that the cause number appearing at the top of the written waiver of trial by jury is incorrect. The cause number on the waiver reads 89091.

Appellant states that the cause number should have been properly denoted as "89091 Re–Opened Amended." Based upon this factual contention, appellant argues that the substance of the waiver appears to be for the trial of a burglary case, and not the sexual assault.

During the trial of the sexual assault, the judge asked if the cause was a reopened one. The State responded that it was, and the appellant did not object or otherwise disagree. The trial court also mentioned a written waiver, stating that it needed to be signed. In addition, the written waiver in the record is file stamped June 5, 1995, a date which corresponds directly with the date of the trial. Based upon these facts, we find the written waiver applied to this case, and is therefore valid despite any clerical error in the cause number.

■ Appellant further argues that there is no record before us in which he and his attorney were informed of what a jury trial would entail, that appellant actually understood the right to a jury trial, and the possible consequences of waiving such a right, and/or whether any waiver of trial by jury was voluntarily made. *See* TEX.FAM.CODE ANN. § 51.09(a)(1)–(4) (Vernon 1996).

As noted above, we have found appellant and his attorney executed a valid written waiver of jury trial. Additionally, the record demonstrates that the trial court questioned appellant, with his attorney present, concerning his waiver of jury trial and appellant affirmatively acknowledged that he waived the right to trial by jury.

We hold the record before us conclusively establishes appellant and his attorney waived the right to a jury trial; that appellant and his attorney were informed of and understood the consequences of the waiver of a jury trial; that the waiver was voluntarily made by the appellant and his attorney; and that such waiver appears both in writing and in the record.

■ Appellant also contends that his mother, as a party, should have been required to also waive her child's right to a jury trial. Appellant states no authority for this proposition, and we find none to support appellant's contentions.

---

2. The events for which appellant was prosecuted occurred on March 24, 1995. At that time, the Family Code provided determinate sentencing for aggravated sexual assault, but not for sexual assault. The statute has since been amended to include sexual assault. Act of May 31, 1995, 74th Leg., R.S., ch. 262, §§ 26, 27, Tex.Gen.Laws 2530.

We overrule appellant's first point of error.

We affirm the trial court's judgment.

HUTSON–DUNN, J., dissenting joined by ANDELL, J.

On a motion for en banc consideration, SCHNEIDER, C.J., and COHEN, MIRABAL, WILSON, HEDGES, TAFT and NUCHIA, JJ., voted to grant en banc consideration.

O'CONNOR, ANDELL and HUTSON–DUNN, JJ., voted to deny en banc consideration.

SCHNEIDER, C.J., and COHEN, MIRABAL, HEDGES, TAFT and NUCHIA, JJ., join Justice WILSON's opinion.

O'CONNOR and ANDELL, JJ., join Justice HUTSON–DUNN's dissenting opinion.

HUTSON–DUNN, Justice, dissenting en banc.

In his second point of error, appellant contends the trial court's admonishments were incomplete, improper or otherwise inadequate. Because I believe the majority inappropriately overrules this point of error by employing a "harmless error" analysis in the face of a mandatory statute, I respectfully dissent.

The Family Code prescribes the admonishments required for a trial court to conduct a valid juvenile adjudication hearing. *See* TEX. FAM.CODE ANN. § 54.03(a)–(b) (Vernon 1996). Specifically, the code provides—

§ 54.03. **Adjudication Hearing**

(a) A child may be found to have engaged in delinquent conduct or conduct indicating a need for supervision only after an adjudication hearing conducted in accordance with the provisions of this section.

(b) At the beginning of the adjudication hearing, the juvenile court judge **shall** explain to the child and his parent, guardian, or guardian ad litem:

(1) the allegations made against the child;

(2) the nature and possible consequences of the proceedings, including the law relating to the admissibility of the record of a juvenile court adjudication in a criminal proceeding;

(3) the child's privilege against self-incrimination;

(4) the child's right to trial and to confrontation of witnesses;

(5) the child's right to representation by an attorney if he is not already represented; and

(6) the child's right to trial by jury.

TEX.FAM.CODE ANN. § 54.03(a)–(b) (emphasis added).

These procedural requirements are mandatory and must be complied with before a juvenile may be found to have engaged in delinquent conduct. *See, e.g., In re T.F.*, 877 S.W.2d 81, 82 (Tex.App.—Houston [1st Dist.] 1994, no writ). The admonitions of section 54.03 "are designed to apprise a juvenile of his most basic, fundamental rights." *In re T.F.*, 877 S.W.2d at 82. A trial court's failure to give all of the admonitions enumerated in section 54.03 constitutes fundamental error and requires reversal without further inquiry. *See In re A.L.S.*, 915 S.W.2d 114, 116 (Tex.App.—San Antonio 1996, no writ); *In re R.W.*, 884 S.W.2d 502, 503 (Tex.App.—Corpus Christi 1994, writ denied); *In re T.F.*, 877 S.W.2d at 82; *In re F.M.*, 792 S.W.2d 564, 565 (Tex.App.—Amarillo 1990, no writ); *In re I.G. v. State*, 727 S.W.2d 96, 99 (Tex. App.—San Antonio 1987, no writ); *In re Cooper*, 623 S.W.2d 507, 508 (Tex.App.—Fort Worth 1981, no writ). A harm analysis is not required. *In re T.F.*, 877 S.W.2d at 82.

As the *I.G.* court stated, the mandatory wording of section 54.03(b) reflects a public policy decision by the legislature:

The statute reflects a legislative finding that a child is not capable of fully understanding the nature of the proceedings against him and his most basic fundamental rights without explanation by the juvenile court. Clearly, the legislature believed that children are too inexperienced and unskilled to understand the nature and possible consequences of the proceedings and allegations.

*In re I.G.*, 727 S.W.2d at 99; *see also* Douglas A. Hager, *Does the Texas Juvenile Waiv-*

er Statute Comport With the Requirements of Due Process?, 26 Tex.Tech L.Rev. 813, 814 (1995) ("For most of this century, society has legislatively adopted the widely held view that children who violate the law should be treated differently, i.e., less severely, than adults.").

The mandatory requirements of section 54.03—along with the required explanations of each admonishment—are understandably necessary in light of the tender age of our children. The mandatory character of these admonishments helps to ensure the juvenile offender understands the full ramifications of the proceedings against him.

The people of Texas—through their legislature—have directed us to judge children by a less strenuous standard than that applied to adults. Moreover, the legislature has directed this Court—through the express language of section 54.03—to require juvenile courts to properly admonish child offenders and to adequately explain those admonishments.

I would hold that the administration of these admonishments and explanations is an absolute requirement for the conducting of a valid adjudication hearing. I would further hold that the absence and inadequacies of the admonishments in this case cannot be remedied by theories of "harmless error." Accordingly, I would reverse the judgment of the trial court and remand this cause for a new adjudication hearing.

Because the majority does not so hold, I respectfully dissent.

O'CONNOR and ANDELL, JJ., join Justice HUTSON–DUNN's, dissenting opinion.