### In the Matter of C.O.S., Petitioner.

### No. 98–0198.

Supreme Court of Texas.

Argued Sept. 8, 1998.

Decided April 1, 1999.

William B. Connolly, Houston, for Petitioner.

John B. Holmes, Carol M. Cameron, Houston, Dan Morales, Austin, for Respondent.

Justice OWEN delivered the opinion of the Court, in which Chief Justice PHILLIPS, Justice HECHT, Justice ENOCH, Justice ABBOTT, Justice HANKINSON, Justice O'NEILL and Justice GONZALES joined.

C.O.S., a juvenile, was adjudicated delinquent, given a determinate sentence, and remanded to the custody of the Texas Youth Commission. The court of appeals affirmed. In C.O.S.'s appeal to this Court, he urges us to reverse and to remand this case for a new trial because the trial court failed to explain to him and his parent, guardian, or ad litem, as required by section 54.03(b) of the Family Code, that (1) the record of a juvenile court adjudication may be admissible in a future, adult criminal proceeding, and (2) he has a right to confront witnesses. We hold that C.O.S. was not required to preserve these errors in the trial court before raising them on appeal. However, the errors were harmless in this case. C.O.S. also asserts that the trial court did not adequately give other explanations required by section 54.03(b). We disagree. Finally, we must determine whether C.O.S.'s written and oral waiver of a jury trial was effective. We conclude that it was. Accordingly, we affirm the judgment of the court of appeals.

## I

The State alleged that C.O.S. engaged in delinquent conduct by committing aggravated sexual assault on two minors. C.O.S., who was 14 years old when the alleged conduct occurred, was brought before a juvenile court and pleaded "not-true." The trial court failed to give two of the explanations that section 54.03(b) of the Family Code requires at the beginning of an adjudication hearing in juvenile proceedings. While the adjudication of C.O.S. was governed by section 54.03(b) as it existed before its amendment in 1997,[1] the required explanations remain unchanged. Section 54.03(b) provides:

(b) At the beginning of the adjudication hearing, the juvenile court judge shall explain to the child and his parent, guardian, or guardian ad litem:

(1) the allegations made against the child;

(2) the nature and possible consequences of the proceedings, including the law relating to the admissibility of the record of a juvenile court adjudication in a criminal proceeding;

(3) the child's privilege against self-incrimination;

(4) the child's right to trial and to confrontation of witnesses;

(5) the child's right to representation by an attorney if he is not already represented; and

(6) the child's right to trial by jury.[2]

---

1. Act of May 27, 1987, 70th Leg., R.S., ch. 385, § 8, 1987 Tex. Gen. Laws 1891, 1894; Act of May 26, 1987, 70th Leg., R.S., ch. 386, § 3, 1987 Tex. Gen. Laws 1899, 1900, *amended by* Act of June 2, 1997, 75th Leg., R.S., ch. 1086, § 10, 1997 Tex. Gen. Laws 4179, 4184–85.

2. Tex Fam.Code § 54.03(b).

The trial court did not explain to C.O.S. that the record in these proceedings could be used against him in the punishment phase of a future adult, criminal proceeding. The trial court also failed to tell C.O.S. that he had the right to confront witnesses. Although the trial court advised C.O.S. of the other matters required by section 54.03(b), C.O.S. contends that the explanations given by the trial court were inadequate.

Also at issue is C.O.S.'s waiver of a jury trial. During the section 54.03(b) explanations by the trial court, C.O.S. agreed in open court and on the record to waive a jury trial. A written waiver of a jury signed by C.O.S., his counsel, and his guardian ad litem was also filed with the court at that time. The case proceeded to a bench trial, and the trial court found that C.O.S. had engaged in delinquent conduct. The court then imposed a determinate sentence of ten years and committed C.O.S. to the Texas Youth Commission.

C.O.S. appealed, raising several points of error. In an en banc opinion, the court of appeals affirmed the trial court's judgment in all respects, with three justices dissenting.[3] The court of appeals held that the trial court's failure to give the two statutory explanations in question was subject to a harm analysis and that the error was harmless under the circumstances presented in this case.[4] The court reasoned that C.O.S. was given the right to confront witnesses and that he had done so.[5] The court of appeals further concluded that the trial court's failure to explain the potential use of the record from these juvenile proceedings in a later criminal prosecution was not harmful error because C.O.S. contested the allegations of delinquency and presented a defense at trial.[6] The court of appeals did not discuss C.O.S.'s contentions that the trial court failed to adequately explain other matters encompassed by section 54.03(b). With regard to the waiver of a jury, the court of appeals held

that the record reflected an informed and knowing waiver.[7] The court of appeals also resolved other issues adversely to C.O.S., but he has not pursued those issues in this Court. When we granted C.O.S.'s petition for review, we consolidated this case for oral argument with *In re D.I.B.*, which we also decide today.[8]

## II

The trial court's failure to explain the use of a juvenile record in future criminal proceedings and its failure to explain C.O.S.'s right to confront witnesses was error. Section 54.03(b) requires that these and other explanations be given to a juvenile at the beginning of an adjudication hearing.[9] The State does not argue otherwise.

■ The State does contend, however, that C.O.S. did not preserve his complaints for appeal. C.O.S. did not object at trial, call the omissions to the trial court's attention in a motion for new trial, or otherwise make the trial court aware of its error. C.O.S. first complained of the trial court's failure to give two of the explanations required by section 54.03(b) in the court of appeals. C.O.S. maintains that the explanations are mandatory and cannot be waived and that the trial court's error was of such a fundamental nature that it may be assailed for the first time on appeal. We conclude that in a quasi-criminal case such as this, a juvenile is not required to preserve error in the trial court (by objection or otherwise) regarding the explanations omitted in this case.

## A

We first consider the impact of an amendment to section 54.03 that the State contends is dispositive of whether the failure to give an explanation required by subsection (b) of section 54.03 is fundamental error, which can be raised for the first time on appeal. In 1997,

---

3. 961 S.W.2d 360.

4. *Id.* at 362–63.

5. *Id.* at 362.

6. *Id.* at 363.

7. *Id.* at 364.

8. *See In re D.I.B.*, 988 S.W.2d 753 (Tex.1999).

9. *See* Tex. Fam.Code § 54.03(b).

the Legislature added subsection (i) to section 54.03. It provides:

> (i) In order to preserve for appellate or collateral review the failure of the court to provide the child the explanation required by Subsection (b), the attorney for the child must comply with Rule 52(a), Texas Rules of Appellate Procedure, before testimony begins or, if the adjudication is uncontested, before the child pleads to the petition or agrees to a stipulation of evidence.[10]

When C.O.S. was adjudicated delinquent and when subsection (i) was enacted, Rule 52(a) of our Rules of Appellate Procedure set forth the general prerequisites for preserving error for appeal:

> (a) General Rule. In order to preserve a complaint for appellate review, a party must have presented to the trial court a timely request, objection or motion, stating the specific grounds for the ruling he desired the court to make if the specific grounds were not apparent from the context. It is also necessary for the complaining party to obtain a ruling upon the party's request, objection or motion. If the trial judge refuses to rule, an objection to the court's refusal to rule is sufficient to preserve the complaint. It is not necessary to formally except to rulings or orders of the trial court.[11]

The new rule of appellate procedure that supersedes former Rule 52(a) is substantially unchanged.[12]

The State concedes that subsection (i) of section 54.03 of the Family Code did not apply to C.O.S.'s delinquency adjudication because the amendment did not become effective until September 1, 1997, and the proceedings in the trial court took place in 1995. However, the State argues that subsection (i) indicates that the Legislature never intended for the explanations to be mandatory or for fundamental error to occur if the trial court failed to give the required explanations.

The legislative history of subsection (i) sheds little light on whether the Legislature was attempting to change the law that was in effect before the 1997 amendment or whether it was merely clarifying what it thought the law to be. We do note that by 1997, at least one court of appeals had held that a juvenile was not required to complain to the trial court that an explanation required by section 54.03(b) had been omitted before that omission could be raised on appeal.[13] But another court of appeals had held that a juvenile could not first raise the failure to give any of the explanations required by section 54.03(b) in a motion for rehearing in the court of appeals.[14]

However, even were we to conclude that, by adding subsection (i) in 1997, the Legislature intended to clarify what it believed to be existing law, we cannot attribute the intent of the 75th Legislature to that of the 63rd Legislature,[15] which initially promulgated section 54.03(b) of the Family Code.[16] We are constrained to construe the statute as it existed when this case was tried. At that time, the statute and its legislative history were silent regarding preservation of error.

**B**

Section 54.03(b) has at all times provided that a juvenile court "shall" give the listed explanations. The trial court in this

---

10. *Id.* § 54.03(i).

11. Tex.R.App. P. 52(a), 49 Tex. B.J. 573 (1986, amended 1997).

12. *See* Tex.R.App. P. 33.1.

13. *See, e.g., In re M.R.R.*, 929 S.W.2d 687, 688 (Tex.App.—San Antonio 1996, no writ) (sustaining point of error even though there was no objection in the trial court); *see also In re A.L.S.*, 915 S.W.2d 114, 116 (Tex.App.—San Antonio 1996, no writ) (holding that no objection to the trial court's failure to give explanations required by section 54.03(b) was necessary to preserve

error on appeal); *P.L.W. v. State*, 851 S.W.2d 383, 385 (Tex.App.—San Antonio 1993, no writ) (same).

14. *See In re R.L.H.*, 771 S.W.2d 697, 702 (Tex. App.—Austin 1989, writ denied).

15. *See Rowan Oil Co. v. Texas Employment Comm'n*, 152 Tex. 607, 263 S.W.2d 140, 144 (1953) (observing that one session of the Legislature does not "have the power to construe the [a]cts or declare the intent of a past session").

16. Act of May 24, 1973, 63rd Leg., R.S., ch. 544, § 1, 1973 Tex. Gen. Laws 1460, 1477.

case failed to follow that directive. Generally, our civil rules of procedure and our decisions thereunder require a party to apprise a trial court of its error before that error can become the basis for reversal of a judgment.[17] In a civil case, judicial economy generally requires that a trial court have an opportunity to correct an error before an appeal proceeds.

■ Another reason for requiring a litigant in a civil case to lay a predicate in the trial court before pursuing an appeal is that "one should not be permitted to waive, consent to, or neglect to complain about an error at trial and then surprise his [or her] opponent on appeal by stating [a] complaint for the first time." [18] We explained in *Pirtle v. Gregory,* in the context of a purely civil matter, that instances of fundamental error are few:

> Fundamental error survives today in those rare instances in which the record shows the court lacked jurisdiction or that the public interest is directly and adversely affected as that interest is declared in the statutes or the Constitution of Texas.[19]

■ But a juvenile proceeding is not purely a civil matter. It is quasi-criminal,[20] and different considerations obtain. Our general rules requiring preservation in the trial court are just that, general rules, and cannot be applied across the board in juvenile proceedings.

Although our civil rules of appellate procedure govern this appeal,[21] the rule that addresses objections in the trial court, Texas Rule of Appellate Procedure 33.1, applies to criminal as well as civil cases, as did Rule 33.1's predecessor, Rule 52(a). Accordingly, we are aided in our analysis by the application of former Rule 52(a) to criminal cases. The Court of Criminal Appeals has held that former Rule 52(a) is a rule of procedure that does not affect the substantive rights of a criminal defendant.[22] The court has explained that, in determining whether error may be raised for the first time on appeal, there are essentially three categories of rights and requirements. The first are those that are "widely considered so fundamental to the proper functioning of our adjudicatory process ... that they cannot be forfeited ... by inaction alone." [23] They include the right of a criminal defendant to assistance of counsel and to a jury trial.[24] Jurisdiction is also a requirement that cannot be forfeited by a defendant's inaction.[25] And, *ex post facto* prohibitions fall into the same category.[26] The Court of Criminal Appeals has denominated such rights or requirements "absolute rights or prohibitions" and "systemic requirements." [27]

Another distinct category of rights has been described by the Court of Criminal Appeals as "forfeitable." [28] Those are rights that the trial court has no duty to enforce unless requested.[29] The "litigant's failure to speak up is quite enough" to waive these "forfeitable" rights.[30] The Court of Criminal Appeals has held that failure to object waives error when a jury argument is improper even if the argument could not have been cured by

---

17. See Tex.R.App. P. 33.1; *see also* Tex.R.App. P. 52(a), 49 Tex. B.J. 573 (1986, amended 1997).

18. *Pirtle v. Gregory,* 629 S.W.2d 919, 920 (Tex. 1982).

19. *Id.*

20. *See, e.g.,* In re M.A.F, 966 S.W.2d 448, 450 (Tex.1998).

21. See Tex. Fam.Code § 56.01(b), which provides: "The requirements governing an appeal are as in civil cases generally."

22. *See Marin v. State,* 851 S.W.2d 275, 278 (Tex. Crim.App.1993).

23. *Id.* at 278.

24. *Id.* at 279 (citing *Holloway v. State,* 780 S.W.2d 787, 793 (Tex.Crim.App.1989)).

25. *Id.*

26. *See Ieppert v. State,* 908 S.W.2d 217, 219–20 (Tex.Crim.App.1995).

27. *Id.* at 219.

28. *See Marin,* 851 S.W.2d at 279–80.

29. *Id.*

30. *Id.* at 280.

an instruction,[31] when there is *Batson* error during jury selection,[32] when a confession adduced in violation of the Fifth Amendment is admitted into evidence,[33] when the State fails to give specific information in its notice about the nature of the weapon the accused allegedly used during the crime,[34] when there are certain errors in the jury charge,[35] when a prosecutor uses a Spanish phrase that was unknown to the defendant during final argument at the punishment phase,[36] and when an indictment charges the commission of an offense that is barred by limitations.[37] The Court of Criminal Appeals has also held that a defendant waives a defense based on limitations if it is not timely raised.[38] Many rights of a criminal defendant are of this nature and can be waived by the defendant's inaction,[39] including some constitutional rights.[40] Thus, unless the defendant raises an objection in the trial court or otherwise calls the trial court's attention to the error involving a forfeitable right, that error cannot be the basis for reversal on appeal.

The trial court's error in this case falls into a third category described by the Court of Criminal Appeals. This category is comprised of rights that are waivable by the defendant but that have not been expressly and knowingly waived. The Court of Crimi-

nal Appeals has characterized these rights as "not forfeitable," meaning that they cannot be lost by inaction but that they are "waivable" if the waiver is affirmatively, plainly, freely, and intelligently made.[41] These include rights or requirements embodied in a statute that direct a trial court in a specific manner.

For example, a statute that provides that appointed counsel is entitled to ten days for pretrial preparation but that the ten-day period may be waived in writing or in open court has been held to bestow a "forfeitable" right to preparation time.[42] Unless the defendant expressly waives the right to a ten-day preparation period, the failure of the trial court to allow that time may be raised for the first time on appeal even if appointed counsel proceeded to trial without objection.[43]

Other, earlier decisions of the Court of Criminal Appeals also indicate that when a trial court is statutorily required to give specific admonishments to a defendant, the complete failure to give the admonishment could be raised for the first time on appeal.[44] However, if the trial court gave a partial but incomplete admonition, an objection must have been lodged in the trial court before the omission could be raised on appeal.[45]

**31.** See Cockrell v. State, 933 S.W.2d 73, 89 (Tex. Crim.App.1996).

**32.** See Batiste v. State, 888 S.W.2d 9, 17 n. 5 (Tex.Crim.App.1994) (referring to challenges made under Batson v. Kentucky, 476 U.S. 79, 106 S.Ct. 1712, 90 L.Ed.2d 69 (1986), during jury selection).

**33.** See Harris v. State, 827 S.W.2d 949, 958 (Tex. Crim.App.1992).

**34.** See Whatley v. State, 946 S.W.2d 73, 75 (Tex. Crim.App.1997).

**35.** See Pondexter v. State, 942 S.W.2d 577, 588 (Tex.Crim.App.1996); Green v. State, 934 S.W.2d 92, 108 (Tex.Crim.App.1996); Ransom v. State, 920 S.W.2d 288, 303 (Tex.Crim.App.1996); Jackson v. State, 898 S.W.2d 896, 899 (Tex.Crim.App. 1995).

**36.** See Wilkerson v. State, 881 S.W.2d 321, 328 (Tex.Crim.App.1994).

**37.** See State v. Yount, 853 S.W.2d 6, 8 (Tex.Crim. App.1993).

**38.** See Proctor v. State, 967 S.W.2d 840, 844 (Tex.Crim.App.1998).

**39.** See Ieppert v. State, 908 S.W.2d 217, 219 (Tex. Crim.App.1995).

**40.** See Marin v. State, 851 S.W.2d 275, 279 (Tex. Crim.App.1993).

**41.** Id. at 279–80.

**42.** See id. at 277–80.

**43.** Id. at 280. But see Gray v. Netherland, 518 U.S. 152, 116 S.Ct. 2074, 135 L.Ed.2d 457 (1996) (holding that due process was not violated when an adult defendant was given only one day's notice of the evidence that the State intended to use at trial because the defendant could have requested a continuance, which would have remedied the lack of notice).

**44.** See Walker v. State, 524 S.W.2d 712, 713–14 (Tex.Crim.App.1975).

**45.** See Pinson v. State, 530 S.W.2d 946, 947 (Tex. Crim.App.1975); Williams v. State, 522 S.W.2d 488, 488–89 (Tex.Crim.App.1975).

In *Marin v. State*, the Court of Criminal Appeals expressly held that former Rule 52(a) did not apply to "waivable" rights that had not been expressly waived.[46] That court summarized its three categories of rights and requirements and concluded that Rule 52(a) only applied to rights that must be implemented on request, as distinguished from statutory directives to courts and absolute rights or prohibitions:

> Thus, our system may be thought to contain rules of three distinct kinds: (1) absolute requirements and prohibitions; (2) rights of litigants which must be implemented by the system unless expressly waived; and (3) rights of litigants which are to be implemented upon request. In the present context, the most important thing to remember about the Texas law of procedural default is that it only applies to the last category.[47]

■ We find the decisions of the Court of Criminal Appeals in this area instructive. We also believe it unwise and problematic to apply one preservation rule in adult, criminal proceedings and another, stricter rule in juvenile cases. Accordingly, we agree with the Court of Criminal Appeals that when a statute directs a juvenile court to take certain action, the failure of the juvenile court to do so may be raised for the first time on appeal unless the juvenile defendant expressly waived the statutory requirement.[48]

In this case, C.O.S. did not expressly waive his statutory right to have the trial court explain the use of a juvenile record in future criminal proceedings and his right to confront witnesses. Thus, C.O.S. may raise these matters for the first time on appeal. We note that we are not making any determination about error preservation in cases arising under the statute since its amend-ment in 1997. Having concluded that the trial court's errors are properly before us, we must determine whether these errors require reversal.

## C

■ The court of appeals concluded that the trial court committed harmless error when it failed to explain to C.O.S. how the record in this proceeding might be used against him in the future and that C.O.S. had the right to confront witnesses. We agree with the court of appeals that these errors are subject to a harm analysis.[49] We also agree that the errors are harmless under the facts of this case.

■ As the court of appeals observed, C.O.S. took full advantage of his right to confront witnesses. Under these circumstances, there was no harm.

■ With regard to the trial court's failure to explain the potential use of a juvenile record, the court of appeals held that there can never be harmful error if the juvenile pleads "not true." We disagree. The court of appeals reasoned that if a juvenile is told that a finding of delinquency could be used against him or her in a subsequent criminal proceeding, the "only possible way to avoid the consequences of an adverse finding" would be to plead not true and contest the matter, which C.O.S. did.[50] This analysis overlooks the fact that during the punishment phase of a criminal trial, a judge or jury may consider the range and severity of the defendant's prior criminal conduct. Armed with the knowledge that in a future criminal proceeding, the sentence can take into account the severity of the offense for

---

**46.** *Marin*, 851 S.W.2d at 282.

**47.** *Id.* at 279.

**48.** *See also State v. Santana*, 444 S.W.2d 614, 615 (Tex.1969) (holding that failure of a juvenile to object to the jury charge or to request an issue based on proof beyond a reasonable doubt rather than preponderance of the evidence was fundamental error and could be raised for the first time in a motion for new trial in view of the constitutional importance of the case to the pub-lic generally), *vacated* 397 U.S. 596, 90 S.Ct. 1350, 25 L.Ed.2d 594 (1970) (directing reconsideration in light of *In re Winship*, 397 U.S. 358, 90 S.Ct. 1068, 25 L.Ed.2d 368 (1970), which held that the due process clause of the Fourteenth Amendment required proof beyond a reasonable doubt in a juvenile cases).

**49.** *See In re D.I.B.*, 988 S.W.2d 753, 760 (Tex. 1999).

**50.** 961 S.W.2d at 363.

which he or she is adjudicated delinquent,[51] a juvenile might agree to plead true to a lesser offense. In an analogous context, the Court of Criminal Appeals has indicated that when a trial court incorrectly states the range of punishment in admonishing an adult before entering a guilty plea, a defendant could show harmful error by demonstrating that he or she would not have agreed to the plea had the admonishment been correct.[52] We conclude that in a juvenile proceeding, harm may be shown by proof that the juvenile could and would have entered into a plea agreement with the State based on a lesser offense if he or she had been properly admonished.

In this case, the record does not reflect any harm to C.O.S. There is no indication that if C.O.S. had been told how the record in this case might be used in the future, he could have avoided an adjudication of delinquency. Nor is there any indication that C.O.S. had the opportunity to plead to a lesser offense as the basis for adjudication. We turn to C.O.S.'s other complaints regarding section 54.03(b) and its required explanations.

## III

C.O.S. acknowledges that the trial court gave explanations of the matters specified in section 54.03(b) other than the future use of the record and the right to confront witnesses. But C.O.S. contends that the trial court's explanations were inadequate. He contends that the trial court did not fully explain the charges against him, the nature of the proceedings against him, the consequences of the proceedings, or the privilege against self incrimination.

C.O.S. points to evidence that he was diagnosed as "an emotionally disturbed child" with "borderline intelligence." However, the Family Code has specific provisions for determining if a juvenile alleged or found to have engaged in delinquent conduct is unfit to proceed as a result of mental illness or

mental retardation.[53] Neither C.O.S. nor his parents, guardian ad litem, or counsel attempted to invoke those provisions. Nor did C.O.S. complain to the trial court that he could not comprehend what had been said to him.

The trial court explained to C.O.S. in explicit detail the sexual assault allegations that had been leveled against him. The nature and consequences of the proceeding were also explained. C.O.S. was further told that because the petition had been approved by a grand jury, he could receive a determinate sentence of up to forty years. The trial court explained the other aspects of determinate sentencing as well. C.O.S. was told twice that he had the right to remain silent, and he was told that he need not take the witness stand to testify. When asked by the trial court if he understood this, C.O.S. replied, "Yes, ma'am." Moreover, counsel for C.O.S. and his guardian ad litem were present during all of these explanations and exchanges. Under these facts, the trial court adequately explained to C.O.S. and his guardian ad litem the matters required by section 54.03(b).

## IV

Finally, C.O.S. contends that his waiver of a jury trial was ineffective because the trial court failed to explain the rights being waived and the possible consequences of the waiver as required by the Family Code.[54] This contention likewise is not borne out by the record and has no merit.

C.O.S., his attorney, and his guardian ad litem signed a written waiver of jury trial with the consent and approval of the court. Further, the record demonstrates that the trial court asked C.O.S. in the presence of his attorney if he understood that he was entitled to a jury trial and inquired if he had waived that right. C.O.S. responded affirmatively to both questions. While such a colloquy is not necessary in every case, it conclusively demonstrates that C.O.S., his attorney,

---

**51.** *See East v. State,* 702 S.W.2d 606, 615 (Tex. Crim.App.1985).

**52.** *See Eatmon v. State,* 768 S.W.2d 310, 311–12 (Tex.Crim.App.1989).

**53.** *See* Tex. Fam.Code §§ 55.01–.05.

**54.** *See id.* §§ 51.09(a)(2), 54.03(b)(6).

and his guardian ad litem were adequately advised of the right that was being waived.

 C.O.S. argues that because his mother did not sign a waiver of a jury, his waiver should be nullified. Nothing in the Family Code or any other statute or rule requires a parent to sign a jury waiver in a juvenile proceeding before it is effective. C.O.S.'s waiver of his right to trial by jury was validly executed by him, his counsel, and his guardian ad litem and did not require his mother's concurrence.

In his brief to the court of appeals, C.O.S. raised other issues that he did not mention in his petition for review in this Court and that he did not reserve for full briefing on the merits. After we granted C.O.S.'s petition, he filed the brief he had submitted in the court of appeals in lieu of a brief on the merits in this Court, which he is entitled to do.[55] However, our rules provide that only those issues that are identified in a petition for review are before this Court.[56] C.O.S. has not sought to amend his petition to include all the issues that he raised in the court of appeals.[57] Thus, C.O.S. presumably is not pursuing in this Court issues that were not raised in his petition. Accordingly, we have not considered any of the issues raised by C.O.S. in the court of appeals that were not raised in this Court.

We hold that the trial court's failure to explain that C.O.S. had the right to confront witnesses and the trial court's failure to explain that the record in this juvenile adjudication might be used against him in future, adult criminal proceedings were harmless errors under the facts of this case. We further hold that other statutorily required explanations were adequate and that the waiver of a jury was effective. Accordingly, we affirm the judgment of the court of appeals.

JUSTICE BAKER filed a concurring opinion.

55. *See* TEX.R.APP. P. 55.5.

56. *See* TEX.R.APP. P. 55.2 ("The petitioner's brief on the merits must be confined to the issues or points stated in the petition for review.").

Justice Baker, concurring.

I disagree with the analysis in this opinion but I concur in the judgment.