

# Fourth Court of Appeals
## San Antonio, Texas

## MEMORANDUM OPINION

No. 04-12-00233-CV

**IN THE MATTER OF S. J. A**.

From the 386th Judicial District Court, Bexar County, Texas
Trial Court No. 2011-JUV-01793
Honorable Laura Parker, Judge Presiding

Opinion by:    Steven C. Hilbig, Justice

Sitting:        Karen Angelini, Justice
                Steven C. Hilbig, Justice
                Marialyn Barnard, Justice

Delivered and Filed:  December 28, 2012

AFFIRMED

A jury found S.J.A. engaged in delinquent conduct by committing aggravated assault. After a disposition hearing, the trial court assessed a determinate sentence of ten years. S.J.A. appeals, raising one point of error complaining of the admission of evidence. We affirm.

S.J.A. confessed that he fired a BB gun at a vehicle that was stopped at a traffic light. The vehicle was an unmarked county vehicle being driven by Sergeant Jose Trevino, a detective in the Bexar County Sheriff's Office. S.J.A., who was thirteen years old and had previously been on juvenile probation, was charged with using and exhibiting a deadly weapon and threatening imminent bodily injury to Trevino by shooting at and in the direction of Trevino with a BB gun.

During its opening statement, the State referred to an incident that occurred about a month before S.J.A. fired the BB gun at Trevino's car. In the previous incident, a Bexar County Deputy Sheriff had been killed by gunfire while he was in a car stopped at a traffic light. Sergeant Trevino had known the deputy who was killed and headed the investigation into that shooting. The State asserted the previous incident affected Trevino's state of mind when he heard the shots hit his car, but did not suggest the two events were otherwise related. The State questioned Trevino about the previous shooting incident during its direct examination and referred to the incident in its closing argument. S.J.A. did not object to any of the evidence or argument. Moreover, S.J.A. developed the evidence further during his cross-examinations of Sergeant Trevino, the arresting officer, and the officer who took S.J.A.'s statement. He used the evidence to suggest that heightened emotions resulting from the deputy's death caused officers to overreact to the BB gun incident and caused the State to overcharge the offense against S.J.A.

S.J.A. concedes he did not object to the evidence or argument and acknowledges that a contemporaneous objection is generally required to preserve error. *See* TEX. R. APP. P. 33.1; TEX. R. EVID. 103(a). Failure to preserve error generally results in a forfeiture of the right to complain on appeal. *Clark v. State*, 365 S.W.3d 338, 339 (Tex. Crim. App. 2012). S.J.A. argues he nevertheless may complain about the evidence because its admission rendered the trial fundamentally unfair. *See* TEX. R. EVID. 103(d) ("In a criminal case, nothing in these rules precludes taking notice of fundamental errors affecting substantial rights although they were not brought to the attention of the court.").

Fundamental errors that may be raised for the first time on appeal fall into "two relatively small categories of errors: violations of 'rights which are waivable only' and denials of 'absolute systemic requirements.'" *Saldano v. State*, 70 S.W.3d 873, 888 (Tex. Crim. App. 2002) (quoting *Marin v. State*, 851 S.W.2d 275, 280 (Tex. Crim. App. 1993)); *see In re C.O.S.*, 988 S.W.2d 760,

765-67 (Tex. 1999) (holding that *Marin* analysis of forfeitable rights, waivable rights, and absolute systemic requirements applies in juvenile cases). Rights that are "waivable only" include the right to assistance of counsel, the right to trial by jury, and a right conferred by a statute that affirmatively states the right is waivable only. *Saldano*, 70 S.W.3d at 888. "Absolute, systemic requirements" include jurisdiction of the person and subject matter, the Texas constitutional requirement that a district court must conduct its proceedings at the county seat, the constitutional prohibition of ex post facto laws, and some constitutional restraints on comments by the trial judge. *Id.* at 888-89. The right to have only relevant, admissible evidence introduced at trial is not an absolute, systemic requirement or a right that is waivable only. *Id.* at 889. The failure to timely and specifically object during trial forfeits any complaint about the admissibility of the evidence, even if the error is constitutional in nature. *See id.* (holding defendant's failure to object to testimony precludes complaint on appeal that the testimony was offered for sole purpose of appealing to the potential racial prejudices of the jury); *Estrada v. State*, 313 S.W.3d 274, 303 (Tex. Crim. App. 2010), *cert. denied*, 131 S.Ct. 905 (2011) (failure to object to prosecutor's allegedly incurable erroneous jury argument or to move for mistrial forfeits right to complain about argument on appeal).

By failing to object at trial, S.J.A. forfeited his right to complain about the evidence or argument on appeal. We therefore affirm the trial court's judgment.

Steven C. Hilbig, Justice