**Affirmed and Memorandum Opinion filed January 23, 2014.**



**In The**

# Fourteenth Court of Appeals

### NO. 14-12-00873-CV

**LIBERTY MUTUAL INSURANCE COMPANY AND NATIONS CONSTRUCTION MANAGEMENT, INC., Appellants**

**V.**

**HEITKAMP SWIFT ARCHITECTS, INC., Appellee**

**On Appeal from the 80th District Court
Harris County, Texas
Trial Court Cause No. 2011-12048**

## M E M O R A N D U M   O P I N I O N

In one issue, appellants Nations Construction Management, Inc. and Liberty Mutual Insurance Company complain of the trial court's denial of their motion for directed verdict on the ground that appellee Heitkamp Swift Architects, Inc.'s claim on a materialman's bond was barred by limitations. Concluding appellants did not preserve error on their sole appellate point, we affirm.

### *Background*

Nations was hired by First Venture Associates-Fannin, LLC as the general

contractor to build a neuro-rehabilitation center in Houston, Texas. In February 2006, Heitkamp entered into an agreement with First Venture to provide architectural services for the project. On May 20, 2008, Heitkamp filed a mechanic's and materialman's lien for $79,252.37 for work completed on the project. *See* Tex. Prop. Code § 53.021. On March 1, 2010, Nations, as principal, and Liberty Mutual, as surety, filed a bond for $119,252.37 to indemnify against the Heitkamp lien. *See id*. § 53.171. Heitkamp received notice of the bond filing on March 17, 2010.

On February 24, 2011, Heitkamp sued Liberty Mutual for breach of contract. On March 29, Heitkamp amended its petition to add Nations as a defendant and seek payment under the bond. Additionally, Heitkamp no longer asserted a breach of contract claim against Liberty Mutual.[1] Heitkamp subsequently amended its petition to seek foreclosure of the lien. The case went to trial before a jury on May 22, 2012.[2] Appellants moved for a directed verdict, asserting, as relevant here, that Heitkamp's claim to recover on the bond was barred by limitations. The trial court denied the motion. The jury found that First Venture breached the architectural services contract and awarded Heitkamp damages of $66,770 plus attorney's fees. The trial court rendered judgment in favor of Heitkamp and against appellants for damages consistent with the jury's verdict and for foreclosure of the lien.

### *Discussion*

In their sole issue, appellants complain of the trial court's denial of their

---

[1] Heitkamp's first amended petition included a paragraph with the heading, "Breach of Contract," but in it Heitkamp alleged First Venture breached the contract and sought payment under the bond.

[2] This case originally was filed in the 215th District Court, but was transferred to the 80th District Court on the day of trial by agreement of the judges and, apparently, *sua sponte.*

motion for directed verdict because Heitkamp's claim seeking recovery on the bond was barred by the statute of limitations. Texas law is well settled that a defendant who moves for a directed verdict after the plaintiff rests, but thereafter elects not to stand on his motion for directed verdict, and offers evidence in his own case, waives his motion for directed verdict unless the motion is reurged at the close of the evidence. *Dalbosco v. Seibert*, No. 14-11-00429-CV, 2012 WL 1795108, at *5 (Tex. App.—Houston [14th Dist.] May 17, 2012, pet. denied) (mem. op.); *see also Shows v. Man Engines & Components, Inc.*, 364 S.W.3d 348, 357 n.13 (Tex. App.—Houston [14th Dist.] 2012, pet. granted). The core principle underlying error-preservation requirements is that the trial court should be given the opportunity to correct potential errors before the case proceeds on appeal. *Majeed v. Hussain*, No. 03-08-00679-CV, 2010 WL 4137472, at *3 (Tex. App.— Austin Oct. 22, 2010, no pet.) (mem. op.) (citing *In re C.O.S.*, 988 S.W.2d 760, 765 (Tex. 1999)). Here, appellants did not reurge their motion at the conclusion of the evidence. Appellants thus waived their complaint by offering evidence after moving for a directed verdict and not reurging their directed verdict motion at the close of the evidence. *See Dalbosco*, 2012 WL 1795108, at *5.

Accordingly, we overrule appellant's sole issue.[3] We affirm the judgment of the trial court.

/s/     Martha Hill Jamison
          Justice

Panel consists of Chief Justice Frost and Justices Boyce and Jamison.

---

[3] The statute of limitations issue was not submitted in the jury charge, and appellants did not assert that the evidence conclusively proved Heitkamp's claim on the bond was barred by limitations in a motion for judgment notwithstanding the verdict, an objection to the jury charge, a motion to disregard a jury finding, or a motion for new trial.