Court Of Appeals
Fourth Court of Appeals District of Texas
San Antonio



★ ★ ★ ★ ★ ★

# MEMORANDUM OPINION

No. 04-09-00619-CV

## IN THE INTEREST OF S.W. and M.W.

From the 407th Judicial District Court, Bexar County, Texas
Trial Court No. 2008-PA- 01633
Honorable Charles E. Montemayor, Judge Presiding

Opinion by:    Sandee Bryan Marion, Justice

Sitting:    Catherine Stone, Chief Justice
Sandee Bryan Marion, Justice
Steven C. Hilbig, Justice

Delivered and Filed:   May 12, 2010

AFFIRMED

This is an appeal from the trial court's order denying appellant's motion for new trial, following the trial court's order terminating appellant's parental rights. We affirm.

Appellant filed a motion for new trial raising numerous issues, including that she was denied the right to confront and hear the testimony of two witnesses who were questioned in the judge's chambers and, although her attorney was present in chambers for the questioning, appellant was not. The witnesses were appellant's two step-children who were not the subject of the termination proceeding. In a single issue on appeal, appellant complains the trial court erred in finding her appellate point related to her right of confrontation to be frivolous.

At trial and in her statement of appellate points, appellant complained she was denied the right to confront two witnesses and hear the testimony of these witnesses. At the new trial hearing, appellant stated, without elaboration, that there were children "not subject to this suit" whose testimony she "was not able to hear." However, on appeal, appellant argues the trial court erred in not following the procedural rules set forth in Texas Family Code chapter 104. This chapter authorizes a number of alternatives to in-court testimony of a child witness under the age of twelve years. *See* TEX. FAM. CODE ANN. §§ 104.002 (Vernon 2008) ("recording of an oral statement of the child recorded prior to the proceeding is admissible into evidence" under certain circumstances); 104.004 ("the court may, on the motion of a party to the proceeding, order that the testimony of the child be taken in a room other than the courtroom and be televised by closed-circuit equipment in the courtroom to be viewed by the court and the parties"). If the child witness is over the age of twelve, "[t]he court may allow the testimony of a child of any age to be taken in any manner provided by this chapter if the child, because of a medical condition, is incapable of testifying in open court." *Id.* § 104.005(b).

There exists in Texas a strong interest in ensuring that our trial courts have an opportunity to correct errors as a matter of judicial economy. *See In re C.O.S.*, 988 S.W.2d 760, 765 (Tex. 1999). "In termination cases, judicial economy is not just a policy—it is a statutory mandate." *In re B.L.D.*, 113 S.W.3d 340, 353-54 (Tex. 2003) (applying error preservation rules to parental rights termination cases). Because appellant's complaint on appeal that the trial court did not comply with the Family Code does not comport with her complaint below regarding a right of confrontation, no error has been preserved for our review. TEX. R. APP. P. 33.1; *see also* TEX. FAM. CODE ANN.

§ 263.405(i) (Vernon 2009) ("The appellate court may not consider any issue that was not specifically presented to the trial court in a timely filed statement of the points on which the party intends to appeal or in a statement combined with a motion for new trial."). Therefore, we must conclude the appeal is frivolous.

## CONCLUSION

We overrule appellant's issue on appeal and affirm the trial court's judgment.

Sandee Bryan Marion, Justice