

# In The
# Court of Appeals
# Sixth Appellate District of Texas at Texarkana

_____

No. 06-11-00014-CV
_____

IN THE INTEREST OF S.K.S., A CHILD

On Appeal from the 76th Judicial District Court
Titus County, Texas
Trial Court No. 34,830

Before Morriss, C.J., Carter and Moseley, JJ.
Memorandum Opinion by Chief Justice Morriss

MEMORANDUM OPINION

After a long history of drug abuse by Jerry and Christy Smith and the incarceration of both, their parental rights to S.K.S. were terminated. The Smiths appeal, urging three appellate issues. We affirm the judgment of the trial court, because—although (1) a statement of points on appeal was adequately filed—(2) no due-process-deprivation error was preserved for appellate review and (3) the evidentiary sufficiency issues on appeal were not in the statement of points.

Jerry is incarcerated. S.K.S. was removed from Christy's possession when she reported to a battered women's shelter. At the time of the termination, both Jerry and Christy were in jail. In addition to the drug abuse by both parents, the record shows that Jerry beat Christy severely on several occasions, but that she kept coming back to him. Ultimately, Jerry and Christy ran away with S.K.S. when Jerry learned he was about to be arrested.

The order of termination was signed January 31, 2011. A premature notice of appeal was filed by the Smiths, pro se, January 25, 2011. A notice of accelerated appeal was filed by appointed counsel February 10, 2011. That notice contains a "statement of points on appeal." Those points read as follows.

> Point 1: Respondents' constitutional rights to rear their child free from interference by the government has been violated by the trial court's failure to apply the due process standards set by the United States and Texas Constitutions and by the Texas Legislature in Chapter 263 of the Texas Family Code.

Point 2: The evidence presented at final hearing of this matter is legally insufficient to support the Court's ruling terminating the natural parents' parental rights is in the best interests of the child.

Point 3: The evidence presented at final hearing of this matter is factually insufficient to support the Court's ruling terminating the natural parents' parental rights is in the best interests of the child.

*(1)     A Statement of Points on Appeal Was Adequately Filed*

As a threshold matter, the State argues that the Smiths did not properly present a statement of points to the Court and therefore must fail in their appeal. Section 263.405 of the Texas Family Code contains the requirements for statements of points. The first argument made by the State is that the points were not properly presented because they were part of a notice of appeal, rather than either being presented separately or as part of a motion for new trial.

"[A] party who intends to . . . appeal . . . must file with the trial court . . . a statement of the point or points on which the party intends to appeal." TEX. FAM. CODE ANN. § 263.405(b) (West 2008). The statute specifically allows the statement to be combined with a motion for new trial.

We do not read that section as restrictively as the State. The State argues that points are adequately presented only if filed in a separate statement of points or as part of a motion for new trial. In this instance, the statement of points (although separately labeled) was contained within the notice of appeal, and that document was timely filed as a statement of points. Further, the language of the order granting appointed counsel makes it clear that the document was recognized

3

by the trial court, as the order refers to the notice of appeal and the statement of points on appeal set forth therein.

We find this to be sufficient to meet the requirements of the statute. We do not read the statute as providing only particular formats in which the statement of points may be presented to the Court, although sufficient clarity to identify the points would certainly be necessary. Such exists in this case, and its presentation to the Court within the Smiths' notice of appeal is sufficient to meet the requirements of the statute.

All three issues presented on appeal complain of failures with regard to the service-plan requirements of Sections 263.101 and 263.102 of the Texas Family Code. By contrast, the statement of points on appeal never complains of either of those sections or the alleged service plan defects.

*(2)    No Due-Process-Deprivation Error Was Preserved for Appellate Review*

The Smiths first assert a due process deprivation in the trial court's failure to apply due process standards set out by the State and Federal Constitutions and by Chapter 263 of the Texas Family Code, specifically by not preparing a Family Service Plan for Jerry and by presenting a plan for Christy that could not be followed because it required her to appear for examinations, counseling, parenting classes, and drug screens that could not take place—because both Jerry and Christy were incarcerated.[1]

---

[1]The Smiths' evidentiary sufficiency arguments are largely predicated on the failure of the Department of Family and Protective Services (Department) to provide these plans.

The State contends that we should not address the constitutional issues raised by the Smiths because they were inadequately set out in the points[2] or because they were not raised before the trial court. Because we agree with the latter contention, we need not address the former.

On appeal, the Smiths argue that failures with regard to the service plan deny them due process. This was never preserved by raising it with the trial court.

Issues raised on appeal are to direct our attention to error in the trial court. *See generally* TEX. R. APP. P. 33.1. Due process and other alleged constitutional violations also must be raised in the trial court for them to be preserved for appellate review. *In re L.M.I.*, 119 S.W.3d 707, 710–11 (Tex. 2003); *In re K.A.S.*, 131 S.W.3d 215, 230–31 (Tex. App.—Fort Worth 2004, pet. denied); *see also In re B.L.D.*, 113 S.W.3d 340, 349–55 (Tex. 2003) (discussing preservation of error in termination cases). Further, any objection must be made in a timely fashion. TEX. R. APP. P. 33.1. In this case, the issue raised here was not even hinted at until, after judgment, a statement of points was filed. Also, the complaints regarding the service plan were not mentioned until the Smiths filed their appellate brief. That is insufficient to preserve the alleged error for our review. *See L.M.I.*, 119 S.W.3d at 710.

---

[2]The constitutional claim set out in the statement of points was quite general, complaining only generally that the trial court failed to apply due process standards set by the State and Federal Constitutions and by Chapter 263 of the Texas Family Code. It is difficult to see how that notifies anyone of the Smiths' intent to complain on appeal about alleged failures to comply with the service plan requirements of Sections 263.101–.102 of the Texas Family Code. *See* TEX. FAM. CODE ANN. §§ 263.101–.102 (West 2008).

> Generally, our civil rules of procedure and our decisions thereunder require a party to apprise a trial court of its error before that error can become the basis for reversal of a judgment.

*In re C.O.S.*, 988 S.W.2d 760, 765 (Tex. 1999).

Because the due-process-deprivation issue raised here was not raised with the trial court, it was not preserved for our review.

*(3)     The Evidentiary Sufficiency Issues on Appeal Were Not in the Statement of Points*

In their brief, the Smiths complain that the evidence is legally and factually insufficient to support termination, because there was no adequate service plan provided by the Department. Points 2 and 3 as stated in the statement of points, however, claim evidentiary insufficiency to prove that termination was in the best interest of S.K.S., never mentioning the service plan. The issues claimed on appeal are not those stated in the statement of points.

As to these points, we have jurisdiction to address only whether the evidence is sufficient to demonstrate that termination is in S.K.S.'s best interest. Even if we read the Smiths' briefing as arguing that, because of failures relative to a service plan, the evidence is insufficient to prove best interest, the arguments fail; the alleged failure regarding a service plan does not bear on the best-interest issue.

We affirm the judgment of the trial court.


                                        Josh R. Morriss, III
                                        Chief Justice


Date Submitted:        June 8, 2011
Date Decided:          June 21, 2011