In
The

                                                Court
of Appeals

                        Sixth
Appellate District of Texas at Texarkana

 

                                                ______________________________

 

                                                             No. 06-11-00014-CV

                                                ______________________________

 

 

                                                                  

 

                               IN THE INTEREST OF S.K.S., A CHILD

 

                                                                  

 

                                                                                                  


 

 

                                        On Appeal from the 76th Judicial District Court

                                                              Titus County, Texas

                                                            Trial
Court No. 34,830

 

                                                          
                                        

 

 

 

                                          Before Morriss, C.J.,
Carter and Moseley, JJ.

                                        Memorandum Opinion by Chief Justice Morriss








                                                      MEMORANDUM OPINION

 

            After
a long history of drug abuse by Jerry and Christy Smith and the incarceration
of both, their parental rights to S.K.S. were terminated.  The Smiths appeal, urging three appellate
issues.  We affirm the judgment of the
trial court, because—although (1) a statement of points on appeal was
adequately filed—(2) no due-process-deprivation error was preserved for appellate review and (3) the evidentiary
sufficiency issues on appeal were not in the statement of points.

            Jerry
is incarcerated.  S.K.S. was removed from
Christy’s possession when she reported to a battered women’s shelter.  At the time of the termination, both Jerry
and Christy were in jail.  In addition to
the drug abuse by both parents, the record shows that Jerry beat Christy
severely on several occasions, but that she kept coming back to him.  Ultimately, Jerry and Christy ran away with
S.K.S. when Jerry learned he was about to be arrested.

            The
order of termination was signed January 31, 2011.  A premature notice of appeal was filed by the
Smiths, pro se, January 25, 2011.  A
notice of accelerated appeal was filed by appointed counsel February 10,
2011.  That notice contains a “statement
of points on appeal.”  Those points read
as follows.

Point 1: 
Respondents’ constitutional rights to rear their child free from
interference by the government has been violated by the trial court’s failure
to apply the due process standards set by the United States and Texas
Constitutions and by the Texas Legislature in Chapter 263 of the Texas Family
Code.

 

Point 2: 
The evidence presented at final hearing of this matter is legally
insufficient to support the Court’s ruling terminating the natural parents’
parental rights is in the best interests of the child.

 

Point 3: 
The evidence presented at final hearing of this matter is factually
insufficient to support the Court’s ruling terminating the natural parents’
parental rights is in the best interests of the child.

 

(1)        A Statement of Points
on Appeal Was Adequately Filed

            As
a threshold matter, the State argues that the Smiths did not properly present a
statement of points to the Court and therefore must fail in their appeal.  Section 263.405 of the Texas Family Code
contains the requirements for statements of points.  The first argument made by the State is that
the points were not properly presented because they were part of a notice of
appeal, rather than either being presented separately or as part of a motion
for new trial.

             “[A] party who intends to . . . appeal . . .
must file with the trial court . . . a statement of the point or points on
which the party intends to appeal.”  Tex. Fam.
Code Ann. § 263.405(b) (West 2008).  The statute specifically allows the statement
to be combined with a motion for new trial.

            We
do not read that section as restrictively as the State.  The State argues that points are adequately
presented only if filed in a separate statement of points or as part of a
motion for new trial.  In this instance,
the statement of points (although separately labeled) was contained within the
notice of appeal, and that document was timely filed as a statement of
points.  Further, the language of the
order granting appointed counsel makes it clear that the document was
recognized by the trial court, as the order refers to the notice of appeal and
the statement of points on appeal set forth therein.

            We
find this to be sufficient to meet the requirements of the statute.  We do not read the statute as providing only
particular formats in which the statement of points may be presented to the
Court, although sufficient clarity to identify the points would certainly be
necessary.  Such exists in this case, and
its presentation to the Court within the Smiths’ notice of appeal is sufficient
to meet the requirements of the statute.

            All
three issues presented on appeal complain of failures with regard to the
service-plan requirements of Sections 263.101 and 263.102 of the Texas Family
Code.  By contrast, the statement of
points on appeal never complains of either of those sections or the alleged
service plan defects.

(2)        No
Due-Process-Deprivation Error Was Preserved for Appellate Review

            The
Smiths first assert a due process deprivation in the trial court’s failure to
apply due process standards set out by the State and Federal Constitutions and
by Chapter 263 of the Texas Family Code, specifically by not preparing a Family
Service Plan for Jerry and by presenting a plan for Christy that could not be
followed because it required her to appear for examinations, counseling,
parenting classes, and drug screens that could not take place—because both
Jerry and Christy were incarcerated.[1]

            The
State contends that we should not address the constitutional issues raised by
the Smiths because they were inadequately set out in the points[2]
or because they were not raised before the trial court.  Because we agree with the latter contention,
we need not address the former.

            On
appeal, the Smiths argue that failures with regard to the service plan deny
them due process.  This was never
preserved by raising it with the trial court.

            Issues
raised on appeal are to direct our attention to error in the trial court.  See
generally Tex. R. App. P. 33.1.  Due process and other alleged constitutional
violations also must be raised in the trial court for them to be preserved for
appellate review.  In re L.M.I., 119 S.W.3d 707, 710–11 (Tex. 2003); In re K.A.S., 131 S.W.3d 215, 230–31
(Tex. App.—Fort Worth 2004, pet. denied); see
also In re B.L.D., 113 S.W.3d 340,
349–55 (Tex. 2003) (discussing preservation of error in termination
cases).   Further, any objection must be
made in a timely fashion.  Tex. R. App. P. 33.1.  In this
case, the issue raised here was not even hinted at until, after judgment, a
statement of points was filed.  Also, the
complaints regarding the service plan were not mentioned until the Smiths filed
their appellate brief.  That is
insufficient to preserve the alleged error for our review.  See
L.M.I., 119 S.W.3d at 710.

Generally,
our civil rules of procedure and our decisions thereunder require a party to
apprise a trial court of its error before that error can become the basis for
reversal of a judgment. 

 

 In re C.O.S., 988 S.W.2d 760, 765 (Tex. 1999).

 

            Because
the due-process-deprivation issue raised here was not raised with the trial
court, it was not preserved for our review.

(3)        The Evidentiary
Sufficiency Issues on Appeal Were Not in the Statement of Points

            In
their brief, the Smiths complain that the evidence is legally and factually
insufficient to support termination, because there was no adequate service plan
provided by the Department.  Points 2 and
3 as stated in the statement of points, however, claim evidentiary
insufficiency to prove that termination was in the best interest of S.K.S.,
never mentioning the service plan.  The
issues claimed on appeal are not those stated in the statement of points.  

            As
to these points, we have jurisdiction to address only whether the evidence is
sufficient to demonstrate that termination is in S.K.S.’s best interest.  Even if we read the Smiths’ briefing as
arguing that, because of failures relative to a service plan, the evidence is
insufficient to prove best interest, the arguments fail; the alleged failure
regarding a service plan does not bear on the best-interest issue.

            We affirm the judgment
of the trial court.

 

                                                                                    Josh
R. Morriss, III

                                                                                    Chief Justice

 

Date
Submitted:          June 8, 2011

Date Decided:             June 21,
2011











[1]The
Smiths’ evidentiary sufficiency arguments are largely predicated on the failure
of the Department of Family and Protective Services (Department) to provide
these plans.





[2]The
constitutional claim set out in the statement of points was quite general,
complaining only generally that the trial court failed to apply due process
standards set by the State and Federal Constitutions and by Chapter 263 of the
Texas Family Code.  It is difficult to
see how that notifies anyone of the Smiths’ intent to complain on appeal about
alleged failures to comply with the service plan requirements of Sections
263.101–.102 of the Texas Family Code.  See Tex.
Fam. Code Ann. §§ 263.101–.102 (West 2008).