

# In the
# Court of Appeals
# Second Appellate District of Texas
# at Fort Worth

_____

No. 02-24-00313-CV

_____

IN THE MATTER OF J.P.

---

On Appeal from the 323rd District Court
Tarrant County, Texas
Trial Court No. 323-123061-24

---

Before Kerr, Bassel, and Womack, JJ.
Memorandum Opinion by Justice Kerr

# MEMORANDUM OPINION

In one issue, Appellant J.P., a juvenile, challenges the trial court's order committing him to the Texas Juvenile Justice Department (TJJD) for an indeterminate period. J.P.—who, quite dramatically, voluntarily absented himself from his disposition hearing when he hurdled over the bar and fled the courthouse—complains for the first time on appeal that the manner in which the trial court conducted the disposition hearing in his absence violated his rights to constitutional due process, due course of law, and compulsory process. Although J.P. was represented by counsel, he did not raise any objections before the trial court. We conclude that J.P. failed to preserve error, and we affirm.

## I. Background Facts and Procedural History

The trial court found J.P. delinquent of the felony offense of unauthorized use of a motor vehicle and scheduled a disposition hearing. On the hearing's date, after learning that J.P. had tested positive for marijuana that morning and once earlier in the month, the trial court ordered J.P. detained because the positive drug tests violated the provisions of his release.

According to the trial court's on-the-record statements, in response to the detention ruling, J.P. leaped from his chair, hurdled over the bar, and went out the door and emergency exit, and the juvenile probation officers on site could not prevent J.P. from escaping custody. The trial court determined that J.P. "has voluntarily made

himself absent from . . . the disposition hearing" and conducted the hearing in J.P.'s absence.

Upon reviewing J.P.'s social-history report, the trial court found that (1) there was a need of rehabilitation and (2) it was in J.P.'s best interest to be placed outside his home. The trial court explained its reasoning and indicated that it would sign an indeterminate-commitment order.

The trial court informed J.P.'s counsel of his duty to notify J.P. of his right to appeal and to provide him a copy of the certification of his right to appeal. J.P.'s counsel responded, "Okay." The trial court then asked if the State had "[a]nything else," and the State replied, "Nothing from the State." The trial court asked the same of J.P.'s counsel, and he responded, "Nothing further." The trial court concluded the hearing and a few weeks later signed the commitment order.

## II. Discussion

### A. Preservation of Error

Generally, to preserve a complaint for appellate review, a party must present to the trial court a timely request, objection, or motion that states the specific grounds for the desired ruling, if not apparent from the request's, objection's, or motion's context. Tex. R. App. P. 33.1(a)(1)(A); *see also* Tex. R. Evid. 103(a)(1). If a party fails to do this, error is not preserved. *Bushell v. Dean*, 803 S.W.2d 711, 712 (Tex. 1991) (op. on reh'g).

But "[j]uvenile delinquency proceedings are 'quasi-criminal' in nature." *In re A.M.*, No. 02-19-00077-CV, 2019 WL 4124381, at *5 (Tex. App.—Fort Worth Aug. 29, 2019, no pet.) (mem. op.) (quoting *In re L.D.C.*, 400 S.W.3d 572, 574 (Tex. 2013)); *see In re C.O.S.*, 988 S.W.2d 760, 765–66 (Tex. 1999). Consequently, the preservation-of-error standards in adult criminal proceedings also apply in juvenile proceedings. *C.O.S.*, 988 S.W.2d at 765–66 (citing *Marin v. State*, 851 S.W.2d 275, 278–79 (Tex. Crim. App. 1993)); *see In re B.L.D.*, 113 S.W.3d 340, 351 (Tex. 2003) (reaffirming *C.O.S.*); *In re H.C.*, 562 S.W.3d 30, 39 (Tex. App.—Texarkana 2018, no pet.) ("[T]he Texas Supreme Court applied the preservation scheme set forth by the Texas Court of Criminal Appeals in *Marin* to juvenile cases.").

In the context of error preservation, the Court of Criminal Appeals has recognized three categories of rights and requirements: (1) rights that cannot be forfeited by inaction alone because they are "so fundamental to the proper functioning of our adjudicatory process"; (2) rights that, while "not forfeitable," are "'waivable' if the waiver is affirmatively, plainly, freely, and intelligently made"; and (3) "forfeitable" rights, which are rights that "the trial court has no duty to enforce unless requested" and are waivable by a failure to call the trial court's attention to the error. *C.O.S.*, 988 S.W.2d at 765–66 (quoting *Marin*, 851 S.W.2d at 279–80). The preservation requirements established in Rule 33.1 of the Texas Rules of Appellate Procedure "do not apply to rights falling within the first two categories." *Grado v. State*, 445 S.W.3d 736, 739 (Tex. Crim. App. 2014); *see* Tex. R. App. P. 33.1. But

4

"[m]ost rights fall into the third category—they are forfeitable." *Cruz v. State*, 698 S.W.3d 265, 268 (Tex. Crim. App. 2024).

**B. Analysis**

On appeal, J.P. complains that the trial court abused its discretion by excluding all evidence and testimony beyond his social-history report from the disposition hearing in violation of (1) his rights to due process of law and due course of law and (2) his Sixth Amendment right to present witnesses. Undisputedly, J.P. had a trial attorney at his disposition hearing—even after he fled—who did not object to the way the trial court conducted the hearing. J.P.'s trial attorney did not indicate that he wanted to call any specific witnesses, and he made no offer of proof concerning any witness testimony that J.P. wanted to present but could not. Indeed, J.P.'s attorney did not complain about anything to the trial court, including the trial court's determination that J.P. had voluntarily absented himself. Nor did J.P. file a motion for new trial to claim he had found new evidence that he had been unable to present during the disposition hearing.

Despite J.P.'s unequivocal refusal to participate in his disposition hearing, he now complains on appeal that he received an unfair hearing because he could not present witnesses in his defense beyond the evidence the State offered in his social-history report.[1] The State argues—for good reason—that J.P. waived his appellate

---

[1] J.P. contends that the trial court had a statutory obligation to consider witness testimony and could not rely solely on the social-history report, but the statute he cites

5

complaints because he failed to object during the disposition hearing. *See C.O.S.*, 988 S.W.2d 760, 765 ("[O]ne should not be permitted to waive, consent to, or neglect to complain about an error at trial and then surprise his or her opponent on appeal by stating a complaint for the first time." (cleaned up)). J.P. responds that preservation was not required for the constitutional issues he raises on appeal, which he characterizes as "fundamental errors."

The notion of fundamental error, however, is subsumed within the *Marin* framework, *see id.* at 765–67, so the issue for us is whether J.P.'s complained-of errors were forfeitable. We conclude that they were.

The Court of Criminal Appeals has held that due-process and due-course-of-law complaints are forfeitable. *See Curry v. State*, 910 S.W.2d 490, 496 (Tex. Crim. App. 1995); *see also In re I.N.A.*, No. 03-22-00206-CV, 2022 WL 4830785, at *4 (Tex. App.—Austin Oct. 4, 2022, no pet.) (mem. op.) ("Due-process complaints in juvenile proceedings are subject to the general error[-]preservation rules."). Similarly, the

does not require the trial court to consider any type of evidence beyond what the trial court had before it. Rather, the statute expressly states that a juvenile court "*may consider* written reports from probation officers, professional court employees, guardians ad litem appointed under Section 51.11(d), or professional consultants *in addition* to the testimony of witnesses." Tex. Fam. Code Ann. § 54.04(b) (emphases added). The statute allows both types of evidence, and the trial court had before it a statutorily permissible form of evidence, the legal sufficiency of which J.P. does not dispute. We also note that J.P. did not object in the trial court, and he does not argue on appeal, that his trial counsel did not receive timely notice of the social-history report the trial court considered. *See id.* (requiring a juvenile court to provide a juvenile's attorney and the State's with access to written materials two days before a disposition hearing).

compulsory-process right to call witnesses in one's own defense is subject to procedural default. *Anderson v. State*, 301 S.W.3d 276, 280 (Tex. Crim. App. 2009). In sum, the "right to present a defense is subject to forfeiture." *See id.* (applying *Marin*'s framework).

Because J.P. did not first present his due-process, due-course-of-law, or compulsory-process objections to the trial court, he failed to preserve error on these objections. Accordingly, we overrule J.P.'s sole issue on appeal.

### III. Conclusion

Having overruled J.P.'s sole issue, we affirm the trial court's order of commitment.

/s/ Elizabeth Kerr
Elizabeth Kerr
Justice

Delivered: February 27, 2025